## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ISMAEL DELGADO,
               Appellant,

v.

OFFICE OF PERSONNEL
    MANAGEMENT,
               Agency.

DOCKET NUMBER
AT-0842-15-0849-I-1

DATE: August 12, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ismael Delgado, Miami, Florida, pro se.

Sarah Murray, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his claims that the Office of Personnel Management (OPM) erroneously denied his entitlement to disability retirement and deferred retirement annuities from 2005 through the present for lack of jurisdiction and as untimely filed

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

without good cause shown.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        In 1987, the appellant retired from the U.S. Postal Service due to a disability and received a disability retirement annuity under the Civil Service Retirement System.  Initial Appeal File (IAF), Tab 1 at 2.  On July 31, 2005, OPM terminated the appellant's disability retirement annuity after finding that he had been restored to his earning capacity as of July 1, 2001, and notified him that OPM intended to collect an overpayment of $53,277.40, which he had received between 2001 and 2005.  *See id.*  The appellant appealed the overpayment determination to the Board, and the Board affirmed OPM's decision in 2006.  *Id.*; *Delgado v. Office of Personnel Management*, MSPB Docket No. AT‑831M-06-0457-I-1, Final Order (Oct. 6, 2006).

¶3        The appellant also received a disability retirement annuity from 2006 until February 29, 2008, at which time OPM determined that he again had been restored to earning capacity effective July 1, 2007, and that he had received

another overpayment. IAF, Tab 9 at 24. The appellant appealed OPM's determination to the Board; the administrative judge reversed OPM's reconsideration decision; and, on petition for review, the Board reversed the administrative judge and affirmed OPM's reconsideration decision. *Delgado v. Office of Personnel Management*, 112 M.S.P.R. 46 (2009). On the appellant's appeal from the Board's order, the U.S. Court of Appeals for the Federal Circuit agreed with the Board in part, but vacated its decision for a determination of an issue on which the Board had failed to make an explicit finding. *Delgado v. Office of Personnel Management*, 590 F.3d 1352 (Fed. Cir. 2010). On remand, OPM advised that it had rescinded its reconsideration decision to acquire more information, and the administrative judge dismissed the remanded appeal for lack of jurisdiction. *Delgado v. Office of Personnel Management*, MSPB Docket No. AT-831M-08-0855-M-1, Remand Initial Decision (July 9, 2010).

¶4      On November 22, 2013, OPM issued a new final decision affirming its earlier decision and finding that the appellant had received an overpayment of $8,275.48 between July 1, 2007, and February 29, 2008. IAF, Tab 9 at 24-27. OPM informed the appellant that he had the right to appeal the final decision to the Board within 30 days after the date of the decision or 30 days after receipt of the decision, whichever was later. *Id.* at 26.

¶5      In a letter dated November 24, 2014, the appellant demanded that the Department of the Treasury cease collection of the overpayment and send his case back to OPM because he had requested a Board hearing. IAF, Tab 1 at 3. The appellant sent a copy of the letter to the Board's regional office, which docketed the letter as a new appeal. *Id.* The administrative judge construed the appellant's letter as an appeal of OPM's determination that he had received an overpayment for the period between 2001 and 2005, which the Board had previously adjudicated in 2006, and he dismissed the appeal as barred by res judicata. *Delgado v. Office of Personnel Management*, MSPB Docket No. AT‑831M-15-0176-I-1, Initial Decision (Jan. 9, 2015). The appellant filed a petition for review

of that initial decision, which the Board affirmed. *Delgado v. Office of Personnel Management*, MSPB Docket No. AT‑831M-15-0176-I-1, Final Order (June 25, 2015). The Board noted, however, that the initial decision failed to address the appellant's claims that he was entitled to a disability retirement annuity or a deferred retirement annuity from 2005 through the present and forwarded the matter to the regional office for adjudication. *Id.* at 4; IAF, Tab 1 at 4.

¶6 Pursuant to the Board's order, the regional office docketed the instant appeal. IAF, Tab 1. After affording the appellant an opportunity to submit evidence and argument establishing Board jurisdiction and timeliness, the administrative judge issued an initial decision based on the written record dismissing the appeal for lack of jurisdiction and untimeliness. IAF, Tab 16, Initial Decision (ID).[2] The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition to his petition for review.[3] Petition for Review (PFR) File, Tabs 1, 4.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶7 The appellant has the burden of proving jurisdiction over his appeal. *See Reid v. Office of Personnel Management*, 120 M.S.P.R. 83, ¶ 6 (2013). The

---

[2] Although the administrative judge notified the appellant of his right to request a hearing, the appellant did not request one. IAF, Tab 2 at 1-2; ID at 1.

[3] On June 1, 2016, the Board received a copy of the appellant's May 23, 2016 letter to OPM. Petition for Review (PFR) File, Tab 5. The Clerk of the Board docketed the appellant's submission as a reply to OPM's response to his petition for review. *Id.* The Clerk's April 11, 2016 order acknowledging receipt of the appellant's petition for review informed him that he could file a reply to the agency's response to the petition for review within 10 days of the date of service of the response. PFR File, Tab 2. OPM e-filed its response on April 20, 2016, and effected service on the appellant by mailing him a copy of the filing by the end of the next business day. PFR File, Tab 4 at 5. Because 5 days are added to a party's deadline for responding to a document served on him by mail, any reply to OPM's response was due no later than May 6, 2016. 5 C.F.R. § 1201.23. The appellant's May 23, 2016 submission thus was untimely filed by over 2 weeks. *See* 5 C.F.R. § 1201.114(e), (i),(*l*). The appellant has offered no explanation for this delay. *See* PFR File, Tab 5. Accordingly, we do not consider his reply. *See* 5 C.F.R. § 1201.114(e)‑(g).

Board generally lacks jurisdiction to adjudicate an appeal of a retirement matter before OPM has issued a final decision on the matter and, accordingly, will dismiss the appeal. *See Ramirez v. Office of Personnel Management*, 114 M.S.P.R. 511, ¶ 7 (2010). The Board has recognized an exception to that general rule, however, when OPM has failed to render a decision. *Id.* The Board therefore will take jurisdiction, even absent an OPM final decision, when the appellant has repeatedly requested such a decision and the evidence indicates that OPM does not intend to issue a final decision. *Id.*

¶8 The administrative judge found that the appellant became eligible for a deferred retirement annuity upon reaching age 62 on September 23, 2012, but that there was no evidence that he had applied for a deferred retirement annuity, despite OPM's numerous advisories that he may do so. ID at 7. Because OPM had not issued a final decision on the matter, the administrative judge concluded that the Board lacked jurisdiction over the appellant's entitlement to a deferred retirement annuity from September 23, 2012, through the present. *Id.* On review, the appellant appears to challenge this finding by contending that he has not received OPM's correspondence regarding his eligibility to apply for a deferred retirement annuity. PFR File, Tab 1 at 1-2. Even if the appellant's assertion were true, he has failed to allege any basis to disturb the administrative judge's finding on the jurisdictional issue.[4] *Id.*; *see Ramirez*, 114 M.S.P.R. 511, ¶ 7. Thus, we agree with the administrative judge that the Board lacks jurisdiction over the appellant's claim that he is entitled to a deferred retirement annuity.

¶9 The administrative judge also determined that the Board lacks jurisdiction to consider whether the appellant is entitled to reinstatement of his disability retirement annuity because he did not request reconsideration of OPM's June 22,

---

[4] The record contains OPM's correspondence informing the appellant of his option to apply for a deferred retirement annuity and provides a deferred retirement application form. IAF, Tab 9 at 6, 9-23. The appellant does not dispute that he has received OPM's response file in this matter.

2012 initial decision denying his request for reinstatement. ID at 4-5; IAF, Tab 9 at 29. The appellant does not specifically challenge this finding on review, but generally argues that he is disabled and entitled to the disability retirement annuity. PFR File, Tab 1. As noted above, a final OPM decision, i.e., a reconsideration decision, is usually a prerequisite to Board jurisdiction unless the applicant has repeatedly requested a final decision, but OPM does not intend to issue one. *See Ramirez*, 114 M.S.P.R. 511, ¶ 7; *McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 73-74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table). Here, however, the appellant does not contend that OPM has issued a reconsideration decision on his request for reinstatement of his disability retirement annuity or allege that he has requested reconsideration of OPM's June 22, 2012 initial decision. PFR File, Tab 1. Thus, we find no reason to disturb the administrative judge's finding that the Board lacks jurisdiction over the appellant's entitlement to reinstatement of his disability retirement annuity. ID at 4-5.

¶10 Next, the administrative judge concluded that, insofar as the appellant sought to appeal the November 22, 2013 reconsideration decision finding that he received an overpayment of $8,275.48 between July 1, 2007, and February 29, 2008, any such appeal was untimely filed without good cause shown. ID at 5-6. In so finding, the administrative judge explained that, even if the appellant's August 26, 2014 letter—addressed to the regional office but apparently only received by OPM—was intended or construed as an appeal of the November 22, 2013 reconsideration decision, it was untimely filed by over 8 months.[5] ID at 6.

[5] In the Board's June 25, 2015 final order, it noted that OPM's response file in MSPB Docket No. AT‑831M-15-0176-I-1 contained an August 26, 2014 letter from the appellant addressed to the Atlanta Regional Office, with copies to OPM, requesting a hearing and challenging the overpayment determination and OPM's nonpayment of annuity benefits from 2005 through the present. IAF, Tab 1 at 3. In forwarding the appellant's claim of entitlement to an annuity between 2005 through the present, the Board ordered the administrative judge to consider whether OPM's receipt of the appellant's August 26, 2014 letter constituted a timely filing with the Board. *Id.* at 5.

Furthermore, the administrative judge found that the appellant's vague contention that he did not receive unspecified documents was not credible and concluded that the appellant did not act reasonably and with due diligence under the particular circumstances of this case. *Id.* The appellant does not specifically challenge this finding on review, but asserts that "most of their paper work was never received by me." PFR File, Tab 1 at 1.

¶11    Generally, an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). An appellant bears the burden of proof on the issue of timeliness. 5 C.F.R. § 1201.56(a)(2)(ii). If an appellant fails to timely submit his appeal, it will be dismissed as untimely filed absent a showing of good cause for the delay in filing. 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014). The Board has recognized an exception to this rule, however, in cases in which appellants have timely but mistakenly sent appeals of OPM reconsideration decisions to OPM rather than to the Board. *Mohammed v. Office of Personnel Management*, 108 M.S.P.R. 609, ¶ 10 (2008).

¶12    As the administrative judge correctly determined, even assuming that the appellant's August 26, 2014 letter should be construed as an appeal of the November 22, 2013 reconsideration decision, it was untimely filed by over 8 months. ID at 6; IAF, Tab 9 at 24-27. We agree with the administrative judge that the appellant's vague assertion that he did not receive unspecified documents lacks credibility and fails to satisfy his burden of establishing good cause for his untimely filing. ID at 6; IAF, Tabs 8, 11-12, 14; PFR File, Tab 1. Accordingly, we agree with the administrative judge that any challenge by the appellant to the

November 22, 2013 final decision is untimely filed without good cause shown. ID at 6. As a result, we affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono

representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                            _____
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.